NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNE CULLEY, : | |
| : | |
| Plaintiff, : | Civil No. 05-2279 (AET) |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| LIBERTY LIFE ASSURANCE : | |
| COMPANY OF BOSTON, : | |
| : | |
| Defendant. : | |
| : | |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter comes before the Court on behalf of Defendant Liberty Life Assurance Company of Boston's Motion in Limine to Bar Plaintiff Joanne Culley's Amended Expert Report. The Court has decided this motion based upon the submission of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Defendant's motion will be granted.

BACKGROUND

On April 28, 2005, Plaintiff sued Defendant alleging wrongful termination of her long term disability benefits ("LTD"). Plaintiff hired an expert, Dominick V. LaGravinese, who authored an expert report (the "Report") on Defendant's procedures for awarding and maintaining LTD. The Report covered Defendant's purported (1) deviations from its protocol for awarding LTD; (2) deviations from "industry standards"; and (3) inconsistent decision-

1

making.  In an Order entered on October 13, 2006 ("the October Order"), the Court granted Defendant's motion to bar the Report because the Report contained permissible and impermissible subject matter.  The Court further granted Plaintiff leave to submit an amended report that was limited only to permissible subject matter, namely issues of "trustee conflict of interest, bias, or a pattern of inconsistent benefit decisions."

Plaintiff then submitted an amended expert report (the "Amended Report"), and Defendant has moved to bar the Amended Report because it does not (1) "address evidence of 'inconsistent benefit decisions'"; (2) contain evidence that Defendant "deviated from its 'protocols'"; and (3) the Amended Report is merely "an attempt by Plaintiff to offer a legal opinion."  (Def.'s Mot. to Bar Pl.'s Amended Expert Report.)  Defendant attached to its motion to bar the Amended Report the Group Disability Income Policy (the "Group Policy") that governed Plaintiff's claims.  Because the information provided on the Group Policy renders the opinion provided within the Amended Report irrelevant, Defendant's motion to bar the Amended Report is granted.

DISCUSSION

The October Order allowed Plaintiff to submit an amended report.  This ruling was anchored in Third Circuit precedent, which requires "district courts to consider the nature and degree of apparent conflicts [of ERISA administrative decisionmakers] with a view to shaping [the courts'] arbitrary and capricious review of the benefits determinations of discretionary decisionmakers." Pinto v. Reliance Std. Ins. Co., 214 F.3d 337, 393 (3d. Cir. 2000).  The Third Circuit has further placed within the district court's "sound discretion" to "consider evidence of potential biases and conflicts of interest that [are] not found in the administrator's record" "when

2

. . . deciding what standard of review to employ– arbitrary-and-capricious review, or some higher standard under Pinto." Kosiba v. Merck & Co., 384 F.3d 58, 67 n.5 (3d Cir. 2004).

When Defendant raised its first motion to bar the Report, the Court had no basis to determine what standard of review to apply to Defendant's rejection of Plaintiff's LTD claim– be it arbitrary and capricious, heightened arbitrary capricious, or some intermediate level.  At that point, the Court was unaware of whether Defendant acted as both the plan administrator and funder; a key inquiry according to the Third Circuit, which has pronounced that "heightened scrutiny [of an insurance company's benefit decision] is required when an insurance company is both plan administrator and funder." See Pinto, 214 F.3d at 387. Because of this dearth of information, the Court granted Plaintiff permission to go beyond the administrative record and provide an expert report to evaluate any "procedural irregularity, bias, or unfairness in the review of the claimant's application for benefits" that might cause the Court to apply a "heightened review in this case." Kosiba, 384 F.3d at 66, 67 n.5; see also Otto v. Western Penn. Teamsters and Employers Pension Fund, 127 Fed. Appx. 17, 21 n.7 (3d. Cir. 2005) (stating "[e]vidence beyond the administrative record may in certain circumstances be relevant and admissible as to issues . . . such as trustee conflict of interest, bias, or a pattern of inconsistent benefit decisions"); Vega v. Nat'l Life Ins. Serv., 188 F.3d 287, 299 (5th Cir. 1999) (stating "[o]nce the administrative record has been determined, the district court may not stray from it except for certain limited exceptions . . . [such as] evidence related to how an administrator has interpreted terms of the plan in other instances"); O'Malley v. Sun Life Ins. Co. of Am., No. Civ. A. 04-5540, 2006 WL 182099, at *7 (D.N.J. Jan. 23, 2006) (stating "this Court may consider evidence [beyond the administrative record] of a pattern of inconsistent benefit decisions by Defendant").

Plaintiff has since provided an Amended Report that conforms with the October Order, wherein its expert claims Defendant engaged in procedural irregularities. Defendant, along with its motion to bar the Amended Report, also submitted the Group Policy that governed Plaintiff's LTD claim. On its face, the Group Policy makes clear that Defendant is both the administrator and the funder for LTD claims.[1] Under Pinto, this is the paradigmatic instance for when a district court should review an insurer's LTD decisions under the heightened arbitrary and capricious standard. Pinto, 214 F.3d at 387. Further under Third Circuit precedent, evidence outside the administrative record is strictly limited to aiding courts in determining the proper level of scrutiny. See, e.g., Kosiba, 384 F.3d at 67 n.5. As the Group Policy definitely shows the insurer is both the administrator and the funder, Defendant's conflict of interest is no longer at issue, and the Court will "approach the question of whether the administrator abused its discretion with appropriately jaundiced eyes." See Letter v. Unumprovident Corp., No. 02-2694, 2004 WL 242360, at *2 (E.D. La. Feb. 5, 2004) (excluding plaintiff's expert report as irrelevant, once the court recognized the conflict in the insurer's decision making and determined the standard of review was no longer at issue). Therefore, Plaintiff's Amended Report no longer speaks to any disputed issues in this case and must be excluded as irrelevant. Id.; see also Fed. R. Evid. 401.

The teachings of Pinto do provide for certain circumstances when, despite the insurer

---

[1] See Def.'s Mot. to Bar Plf.'s Amended Expert Report Ex. A which states "Liberty agrees to pay the benefits provided by this policy in accordance with its provisions." The Group Policy further states "[w]hen Liberty receives Proof that a Covered Person is Disabled . . . Liberty will pay the Covered Person a Monthly Benefit . . . " Id. at D-00025. The Group Policy further states that "[p]roof [of disability] must be given upon Liberty's request . . ." Id. These provisions make clear that Defendant is indeed both the administrator and funder, as Defendants may demand "proof," and then when satisfied that the claimant is disabled Defendant will "pay" the disability benefits.

4

being the administrator and funder, the conflict can be mitigated, and the district court's standard of review may be lowered.[2] Should reasons for lowering the standard of scrutiny be raised at a later time, the Court will reserve on the question of whether Plaintiff's Amended Report may be admissible to rebut those reasons.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 19th day of March 2007,

**ORDERED** that Defendant's motion to bar admission of Plaintiff's amended expert report is **Granted**.

s/Anne E. Thompson<br>
ANNE E. THOMPSON, U.S.D.J.

---

[2] <u>Pinto</u>, 214 F.3d at 384 n.3 (noting there may be instances when the "incentives of an administrator/insurer [may] affect the nature [of the district court's] review").