NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Joanne CULLEY,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

    Defendant.

Civ. No. 05-2279

OPINION & ORDER

THOMPSON, U.S.D.J.

## I.  INTRODUCTION

This matter comes before the Court upon Plaintiff's Motion for Prejudgment Interest and Attorneys' Fees [docket # 71]. The Court has decided this motion upon consideration of the parties' written submissions, without holding oral argument. For the reasons given below, the motion is granted.

## II.  BACKGROUND

This case concerns a dispute over ERISA benefits. Plaintiff was injured in early 2001, and in August 2002, she left work because of worsening back pain. She applied for short-term disability benefits from Defendant, who administers her ERISA-governed benefits plan. The benefits were granted, and when those benefits expired in January 2003, long-term benefits were approved as well. The long-term benefits were rescinded in August 29, 2003 after a physician employed by Defendant concluded that Plaintiff was no longer disabled. Plaintiff appealed that decision in December 2003, but the appeal was rejected, and, in February 2004, Defendant sent Plaintiff final notice of the termination of her benefits.

Plaintiff eventually filed suit against Defendant on April 28, 2005, alleging that Defendant's decision to withdraw benefits was arbitrary and capricious. After pretrial proceedings, the parties both moved for summary judgment in June 2007. On September 21, 2007, this Court ruled on the motions, finding that there was no credible evidence in the record supporting Defendant's decision to withdraw benefits. This Court denied Defendant's motion, granted Plaintiff's motion, and ordered that Plaintiff's long term disability benefits be reinstated. Defendant then appealed the decision to the Third Circuit Court of Appeals, which affirmed.

After appeal, a question arose as to the extent of relief provided by this Court's summary judgment order. Under Plaintiff's insurance policy, the criteria for qualifying as "disabled" were supposed to change over time. For the first two years after injury—the "own occupation" period—Plaintiff would be considered disabled if she was incapable of performing her occupation at the time of injury. However, in years thereafter—the "any occupation" period—Plaintiff would be considered disabled only if she was incapable of performing any occupation at all. The Court's order on summary judgment had merely held that Defendant acted arbitrarily in finding Plaintiff not disabled during the "own occupation" period. In the fall of 2009, the parties engaged in further litigation over what should be done in order to determine Plaintiff's eligibility for "any occupation" period benefits. In an order entered December 30, 2009, the Court resolved that issue by remanding this matter so that Defendant could undertake a review to determine whether or not Plaintiff was and is disabled during the "any occupation" period, which began in February 2005 and is ongoing.

On remand, Defendant determined that Plaintiff has been disabled during the entire "any occupation" period so far. It accordingly paid Plaintiff back disability benefits for the period dating from February 5, 2005 through May 4, 2010. However, Defendant declined to pay Plaintiff any interest on those back benefits. Plaintiff contends that she is entitled to interest on

those payments, and she has brought this motion toward that end. She also seeks an award of related attorneys' fees.

### III. ANALYSIS

A. Interest

Section 502(a)(3)(B) allows an ERISA plan beneficiary to sue for "other appropriate equitable relief," which the Third Circuit has held to include interest on delayed payments. *Fotta v. Trustees of United Mine Workers of Am.*, 319 F.3d 612, 616 (3d Cir. 2003). A plaintiff may recover interest only on benefits that were "wrongfully withheld or wrongfully delayed, that is, only if they were withheld or delayed in violation of ERISA or an ERISA plan." *Id.* at 617. The purpose of awarding interest on wrongfully delayed benefits is twofold: "(1) ensuring full compensation to the plaintiff; and (2) preventing unjust enrichment." *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 132 (3d Cir. 2000).

Defendant argues that it did not act "wrongfully" in withholding benefits for the "any occupation" period. It notes that it did not pay "any occupation" benefits because an "any occupation" review had never been performed. However, this fact does not excuse Defendant's failure to pay long term benefits during the "any occupation" period. The reason an "any occupation" review was never performed is that, as of February 2005, Defendant had already wrongfully determined that Plaintiff was not entitled to benefits during the "own occupation" period. If Defendant had not made that wrongful determination in August 2003, it would have proceeded to conduct an "any occupation" review in February 2005, which, it now appears, would have resulted in Defendant determining that Plaintiff was still disabled. In sum, Defendant's arbitrary and capricious actions taken during the "own occupation" period were the reason that "any occupation" benefits were not paid timely. Accordingly, the Court considers Defendant's withholding of "any occupation" benefits to have been part and parcel of its ERISA

3

violation in this case. Accordingly Plaintiff is entitled to interest on her delayed "any occupation" benefits.

Plaintiff has proposed an interest rate of 4.15%. Defendant has not objected to this rate, and the Court finds it to be fair and equitable under the circumstances presented, as it will both compensate Plaintiff and prevent Defendant's unjust enrichment. Accordingly, an interest rate of 4.15%—compounded annually and running from the date when the payments should have been made—will be used.

B. Attorneys' Fees

The Court has discretion as to whether or not attorneys' fees should be awarded in an ERISA case. 29 U.S.C. § 1132(g); *McPherson v. Employees' Pension Plan of America Re-Insurance Co.*, 33 F.3d 253, 256 (3d Cir. 1994). In this case, the Court has already determined that Plaintiff is entitled to attorneys' fees. *See Culley v. Liberty Life Assurance Co. of Boston*, Civ. No. 05-2279 (D.N.J. January 15, 2010) [docket # 70]. Having already determined that Plaintiff is entitled to recover attorneys' fees in this case, the Court must now determine whether or not the fees incurred in the preparation of the instant motion should be added to the Court's prior award.

Defendant argues that attorneys' fees related to the motion for interest are not allowable at all and, in the alternative, that if fees are allowable, then Plaintiff's requested award ought to be reduced. Defendant's first argument is that the Court has already ruled that litigation concerning "any occupation" benefits is not part of Plaintiff's successful case and therefore may not be awarded. *See id.* at 6-7. However, this argument misconstrues the scope of the Court's prior ruling. The Court declined to award certain attorneys' fees spent in conjunction with that portion of the litigation that occurred in this case in the fall of 2009, which dealt with the issue of whether or not this case should be remanded for a determination on "any occupation" disability.

4

*Id.* Plaintiff was not successful in her effort to have the Court award "any occupation" benefits without an administrative remand, so fees were not awarded for that portion of the litigation. Here, by contrast, Plaintiff is successful in her efforts to obtain interest on the "any occupation" benefits. Accordingly, this is part of the successful prosecution of her claim, and she may recover related attorneys' fees.

Defendant also contends that Plaintiff's requested fee amount of $4,361.25 (representing 17.75 hours of legal work) should be reduced, arguing that it is based on an unreasonable rate, an unreasonable number of hours, and on performing tasks that are non-recoverable under ERISA. After reviewing Plaintiff's attorneys' affidavits of legal services, the Court concludes that Plaintiff's request is reasonable, and Plaintiff is entitled to an award of $4,361.25 in attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, IT IS, this 20th day of August, 2010

ORDERED that Plaintiff's Motion for Prejudgment Interest and Attorneys' Fees [docket # 71] is GRANTED; and it is further

ORDERED that Plaintiff is awarded prejudgment interest of 4.15%, compounded annually, on all disability benefits for the "any occupation" disability period, accruing as of the day the benefits should have been paid; and it is further

ORDERED that Plaintiff is awarded $4,361.25 in attorneys' fees.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.